IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NATHANIEL WALTERS                                                                                    PLAINTIFF

        v.                       Civil No. 07-5113

WASHINGTON COUNTY JAIL;
and CHAPLIN ADAMS                                                                                   DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Nathaniel Walters brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. His complaint was filed in forma pauperis (IFP) and it is now determined whether it should be served upon the defendants.

### I. Background

Nathaniel Walters is incarcerated at the Washington County Detention Center. According to the allegations of the complaint he is incarcerated on a parole violation and new criminal charges. Walters indicates he has been incarcerated since April 4th.

On May 9th, Walters states he was escorted to the bonding room where he was met by Chaplin Adams. Walters was informed that his Father had passed away earlier that morning. Walters' Mother, brother, and sister-in-law where there to see him about his Father. At that point, no decision had been made when the funeral service would be held.

Walters alleges Chaplin Adams stated that he would make sure that Walters had a police escort to the funeral. Chaplin Adams also offered to assist Walters in being able to make direct

-1-

phone calls to receive current information about the situation. Walters was then taken to the yard so that he could be alone. Chaplin Adams left saying he would contact Walters in a few hours.

Later that day when Walters asked to see Chaplin Adams, Walters was told that Chaplin Adams had left for the day and Walters would be able to see him the next day. Walters alleges he did not see the chaplin the following day and spent the next five days filling out request forms and grievances.

On May 13th, Walters received information there was going to be a creamation service on Monday, May 14th. Walters contacted several officers about this and was told they talked to Chaplin Adams and he was going to come to the jail to talk to Walters.

On the sixth day following his Father's death, Walters alleges Chaplin Adams finally came to the cell Walters was in. When Walters reminded Chaplin Adams he was going to arrange to have Walters transported to his Father's funeral, Chaplin Adams responded that he had forgotten all about it.

Walters asserts this occurred on Sunday the 13th. After that conversation with Chaplin Adams, Walters states he never spoke with Chaplin Adams again. As relief, Walters asks for monetary damages for his mental anguish and emotional distress.

## II. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the

AO72A
(Rev. 8/82)

Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

This case is subject to dismissal. First, there is no constitutional right for a detainee to be released from incarceration to attend a family member's funeral. *See e.g., Thomas v. Farley*, 31 F.3d 557, 559 (7th Cir. 1994)("neither federal law nor Indiana law entitles prisoners to compassionate leave or for that matter even to have contact with their families in the prison"); *Hammock v. Jarriel*, No. 607-025, 2007 WL 1810442 (S.D. Ga. June 21, 2007)("A prisoner does not retain a liberty interest in attending the funeral of a family member"); *Horton v. Shewmaker*, No. 307-cv-185, 2007 WL 1521601 (N.D. Ind. May 23, 2007)("Pre-trial detainees have no constitutional right to attend funerals, even those of close family members"); *Jackson v. Portuondo*, No. 901-cv-00379, 2007 WL 607342 (N.D.N.Y. Feb. 20, 2007)("Simply put, a prisoner does not have a protected constitutional right to attend a family member's funeral.").

Second, Walters has not alleged he suffered any physical injuries. Section 42 U.S.C. § 1997e(e), of the Prison Litigation Reform Act (PLRA) provides as follows: "No Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Here, Walters suffered only mental or emotional injury as a result of not being able to attend his Father's funeral. *See e.g., Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004)(§ 1997e(e) limits recovery for mental or emotional injury in all federal actions brought by prisoners); *Liner v. Goord*, 196 F.3d 132, 134 (2nd Cir. 1999)(the PLRA requires a prior showing of physical injury when claiming emotional distress).

### III.  Conclusion

I therefore recommend dismissal of the case on the grounds Walters' claims are frivolous and fail to state claims upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Walters has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Walters is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of July 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE